R. E. COVEY v. REX SWEAT, as Sheriff of and for Duval County.

185 So. 337.
Opinion Filed December 15, 1938.

*John E. Mathews, Lacy Mahon* and *Moe B. Safer,* for Petitioner;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Respondent.

Buford, J.—This case is an original proceeding in habeas corpus before this Court.

The return of the Respondent shows that Petitioner is held under commitment from the Justice of the Peace Court to await prosecution in the Criminal Court of Record under a warrant issued on affidavit made before a Justice of the Peace, which commitment is as follows:

## Commitment

"The State of Florida v. R. E. Covey.

"In The Court of Justice of Peace, Eleventh District, Duval County, State of Florida.

"In the Name of the State of Florida, to the Sheriff or Any Constable of Said County:

"Whereas, H. M. Brinson has this day made oath before me, in writing, that one R. E. Covey on the 3rd day of November, 1938, in the County and District aforesaid, did lend money in the County of Duval and State of Florida to the said H. M. Brinson and did wilfully and knowingly charge or accept a sum of money greater than

the sum of money loaned and an additional sum of money equal to more than 25% upon the principal sum loaned, in that he did loan to deponent the sum of $12.00 and charged or accepted the sum of $12.50 in payment of said loan, which said sum was paid to the said R. E. Covey November 5th, 1938, and whereas it appeared to me from an examination that there was just reason to believe that the said defendant was guilty of such offense, and the said defendant, on being brought before me on a warrant, was required to enter a recognizance, with sufficient security, in the sum of $300.00 dollars, to appear at the next. term of the Criminal Court to be held in and for said County, and not to depart same without leave, and the said defendant having refused to find such security:

"You Are Hereby Commanded forthwith to convey the said defendant to the common jail of said county, and to deliver *him* to the keeper thereof, who is hereby required to receive the said defendant into his custody in the said jail, and to keep *him* safely there until *he* shall find security or be thence discharged by due course of law.

"Given under my hand and seal this 10th day of November A. D. 1938."

The petitioner presents two questions, as follows:

"First Question—Can the crime of usury exist without an intention to make a loan, and the actual making of a loan of money?

"Second Question—Can a person in the State of Florida sell a portion of his earned salary, or a chose in action, at a discount, without violating the usury laws?"

Neither of these questions is to be answered in the instant proceedings because here we have a case where one by a sufficient charge in an affidavit has been brought before

a Justice of the Peace and after hearing, has been bound over to await the action of the Criminal Court of Record. The allegations shown by the record are sufficient to constitute a charge of violation of the usury law of Florida.

Whether or not the Petitioner is guilty of violating that law will be a matter for the jury to determine if he shall be brought to trial before a jury. It is not necessary that the evidence adduced before a Justice of the Peace on preliminary hearing must be sufficient to sustain a verdict of guilty. The evidence on preliminary hearing is sufficient if on the whole it shows probable cause to believe the defendant guilty of the offense charged. The evidence in this case is sufficient to meet that requirement.

The question before the jury will be whether or not the crime of usury was committed by the making of a loan contrary to the statute under the pretense that such loan was the purchase of a chose in action. What will constitute sufficient evidence to sustain a conviction is a matter which we should not attempt to determine before a trial is had. Therefore, we shall not now attempt to say what evidence will be required to sustain a verdict of guilty.

Finding the charge sufficient as a basis for a preliminary hearing, and the evidence adduced sufficient to have warranted the Justice of the Peace in holding there was probable cause to believe the defendant guilty, he is remanded to the custody of the Respondent and the cause is dismissed.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.

THOMAS, J., dissents.

THOMAS, J. (dissenting).—The testimony of the prosecuting witness was that petitioner told him he would not loan money but would buy the witness' salary and the wit-

ness executed under seal an instrument containing the following provision:

"This sale and assignment is made with the distinct understanding that the purchaser and assignee assumes all risk of loss that may now exist or hereafter arise, on account of said party, firm or corporation, to whom this is directed, being or becoming insolvent, or for any cause failing to pay said account, the money above described. All of said risk the buyer and assignee herein assumes.'"

I do not find that probable cause was shown that the transaction was a contrivance or device to escape the inhibitions of the usury statutes.